## Public Assistance Employes

BARD, Attorney General, September 14, 1938.—You have asked for our advice upon several problems which have arisen in connection with the civil service provisions for the administration of the Public Assistance Law of June 24, 1937, P. L. 2051.

When the General Assembly of the Commonwealth of Pennsylvania revised the procedure whereby relief had

been administered to aged, blind, indigent, and dependent residents of the Commonwealth, it delegated to the newly created Department of Public Assistance and county boards of assistance the duty of administering the new public assistance legislation. At the same time the General Assembly provided for the appointment of an Employment Board and empowered and directed it to conduct examinations of persons desiring employment with the department or the county boards and to prepare lists of eligibles based upon such examinations.

The General Assembly then provided as follows in subdivision (*d*) of section 2504-A of The Administrative Code of April 9, 1929, P. L. 177, which was added by the Act of June 24, 1937, P. L. 2003, 71 PS §667:

"(*d*) The Secretary of Public Assistance and local boards shall have power to appoint provisional employes for the purpose of carrying on the work of the Department of Public Assistance and of local boards, until such time as appointees have been qualified by examination, and have been appointed under the provisions of this act; but such provisional appointments shall not be continued in employment after March first, one thousand nine hundred and thirty-eight, unless theretofore qualified by examination conducted by the employment board, as herein provided. Thereafter all employes, except special examiners appointed by the Employment Board, shall be appointed from a list of eligibles who have passed the required examinations. Such lists shall be used and the names on them shall be placed in an order fixed by the rules of the Employment Board: Provided, however, That no name shall remain on such list longer than two years. In an emergency, if there is no such list, an employer may, with the approval of the Employment Board, nominate a person for non-competitive examination, and may appoint him provisionally if he passes the required examination. After the first day of June, one thousand nine hundred and thirty-eight, no such provisional ap-

pointment or successive appointment (in the aggregate) shall be valid for more than ninety days."

You have submitted for our consideration three questions which have arisen in connection with this phase of your activities. These questions will be set forth and answered seriatim:

1. Can the department and the county boards continue in employment provisional appointees who may have served the 90 days allowed by the act until such time as lists of eligibles have been certified by the Employment Board?

The above-quoted portion of section 2504-A ($d$) of The Administrative Code, which prohibits longer than a 90-day period of provisional employment, clearly requires a mandatory rather than a directory construction. This is particularly true in view of the humanitarian and beneficial nature of the public assistance legislation and the desirability of having its administration freed from the effects of political influences.

It appears, however, that the Employment Board has been unable to certify sufficient lists of persons eligible for employment to permit the replacement of all provisional employes, before September 1st, with persons selected from such lists. (It might be noted in this connection that the delay in the certification of lists of eligibles is due in part to the fact that a legislative sub-committee requested the Employment Board to cease certifying such lists). It also appears that the replacement of provisional employes with persons selected from certified lists is proceeding at a rapid rate and will be completed in the near future. In addition, you state that the efficiency of the administration of public assistance will be seriously impaired if you are required to discharge immediately all provisional employes.

The legislature exercised great care in the preparation and enactment of this statute, and every effort was made to foresee and provide for the many difficulties which invariably arise when the Commonwealth enters into a new

field of administrative activity. In providing that provisional employes could be retained for a period of 90 days after June 1, 1938, the legislature evidently felt that ample time had been allowed for the appointment of all required employes from certified lists. However, as often happens, when the administration of a new and untried statute is inaugurated, the practical problems which confronted the executive branch of the Government rendered an immediate complete compliance with every detail of the statute impossible.

Under such circumstances, the legislature certainly did not intend the executive agencies charged with the duty of inaugurating the new system of public assistance to abandon a great portion of the progress which has been made toward the prompt establishment of an efficient organization by discharging every provisional employe on August 31st. Such a step would seriously hinder the administration of the public assistance laws, and the disadvantages which would accrue from it would far outweigh any possible advantages.

We feel, therefore, that in view of the unexpected obstacles which have delayed the appointment of employes from lists of eligibles, the provisional employes which the Department of Public Assistance and the county boards have been compelled to retain after August 31st in order to prevent a serious breakdown in administrative efficiency may properly be paid their regular compensation for such periods of time as they have respectively served since August 31, 1938.

You are also advised that the retention of provisional employes may only be continued for such period of time as is absolutely necessary, and that such employes must be replaced at the earliest possible moment with employes appointed from certified lists of eligibles.

2. In case it is your decision that provisional appointees, as above described, can be kept in employment after September 1st, will it be permissible at the time of

their eventual discharge to allow the earned annual leave provided by The Administrative Code?

The provisional employes obtained by the Department of Public Assistance and the county boards occupy the same status as all other employes of the Commonwealth and the mere fact that their period of service is limited by statute should not deprive them of the privileges which are allowed to other State employes. Section 222 of The Administrative Code, supra, as amended by the Act of June 21, 1937, P. L. 1865, 71 PS §82, provides in part as follows:

"Work-Hours and Vacations.—Each employe of an administrative department, of an independent administrative board or commission, or of a departmental administrative board or commission, if employed for continuous service, shall work during such hours as the head of the department or the board or commission shall require but not less than thirty-five hours per week. Such employe shall be entitled, during each calendar year, to fifteen days' leave of absence, with full pay".

It is customary in cases where an employe has been retained by the Commonwealth for a period less than a year to allow vacation on a pro rata basis. We feel, therefore, that the provisional employes of the Department of Public Assistance should be allowed a day and a quarter's leave of absence with full pay for each month of service.

3. In instances where there is a press of work and also a large proportion of new and inexperienced personnel brought about by the operation of the examination system, will it be permissible after September 1st to continue in employment, for a limited time, provisional persons with experience, even though the lists have been certified and selections for the regular staff made and appointed? This is desirable as a means of training the new and inexperienced personnel and, at the same time, keeping up with the large number of applications and other volume of work which the department currently has.

We have already indicated that section 2504-A($d$) of The Administrative Code must be construed as mandatory and that the only excuse for noncompliance with its provisions is administrative impossibility. Consequently, no matter how desirable it might be to retain provisional employes after the selections from the certified list have been made, we feel that such action is clearly prohibited by the above-mentioned provision of The Administrative Code and that no provisional employes may be retained after the full quota of persons has been appointed from the certified lists.